# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2007

Charles R. Fulbruge III
Clerk

No. 06-20812
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CARLOS RODRIGUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-16-2

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Carlos Rodriguez appeals his guilty-plea conviction and sentence for conspiracy to transport and harbor illegal aliens within the United States for commercial advantage and private financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(A)(iii), (a)(1)(B)(i), and (a)(1)(A)(v)(I). He contends that the district court clearly erred when it enhanced his offense level for possession of a firearm pursuant to U.S.S.G. § 2L1.1(b)(4)(C) (2005) because it was not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

foreseeable that his co-conspirators would have possessed firearms during the conspiracy.

The district court's determination that it was reasonably foreseeable that Rodriguez's co-conspirators possessed firearms during the conspiracy was plausible in light of the record read as a whole. Although there was no direct evidence that Rodriguez knew his co-conspirators possessed firearms, there was sufficient evidence from which the district court could infer that it was reasonably foreseeable that his co-conspirators possessed firearms. See United States v. Gaytan, 74 F.3d 545, 559 (5th Cir. 1996). Therefore, the district court did not clearly err when it enhanced Rodriguez's offense level for possession of a firearm pursuant to § 2L1.1(b)(4)(C). See United States v. Charon, 442 F.3d 881, 887 (5th Cir.), cert. denied, 127 S. Ct. 260 (2006). Accordingly, the district court's judgment is AFFIRMED.